**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAVARIUS JERMAINE MCCORD, | No. 09-15895 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-05217-CRB |
| v. | |
| STATE OF CALIFORNIA; WARDEN OF CALIPATRIA STATE PRISON, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted April 16, 2009[**]
San Francisco, California

Before: ARCHER,[***] CALLAHAN, and BEA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

Lavarius Jermaine McCord ("McCord") appeals the district court's denial of his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[1]

In denying McCord's habeas petition, the district court concluded that McCord failed to show that an irreconcilable conflict existed between himself and appointed counsel and that McCord's trial counsel was constitutionally ineffective. We agree.

"The right to counsel does not guarantee 'a right to counsel with whom the accused has a meaningful attorney-client relationship.'" *Daniels v. Woodford,* 429 F.3d 1181, 1197 (9th Cir. 2005) (quoting *Morris v. Slappy*, 461 U.S. 1, 3-4 (1983)). A state court's denial of a *Marsden* motion amounts to a constitutional violation where there was an irreconcilable conflict between the defendant and counsel which prevented effective representation. *Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir. 2000) (*en banc*). At McCord's *Marsden* hearing, the trial court questioned defense counsel in response to McCord's allegations that he was "getting inadequate representation." Defense counsel explained that he had performed a "vast amount of investigation" into McCord's case; he was not biased

---

[1]The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

against McCord; he had filed several motions on McCord's behalf; and he had met with McCord several times. Additionally, counsel stated that while he had sought continuances in the past, he was currently prepared for trial. The state trial judge found that defense counsel was performing adequately and that any conflict between McCord and his counsel was not so irreconcilable as to warrant the appointment of new counsel. We see no error in the district court's conclusion that the state trial judge's findings were supported by the record.

For a habeas petitioner to prevail on a claim of ineffective assistance of counsel, he must prove that his counsel's representation fell below an objective standard of reasonableness and that he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). Because McCord failed to prove that defense counsel's actions fell below an objective standard of reasonableness, we agree with the district court's rejection of McCord's ineffective assistance of counsel claim.

Accordingly, we affirm the district court's denial of habeas relief.

**AFFIRMED.**

3